UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Cheri G. Masseur

         v.                                Civil No. 04-cv-283-JD

Jo Anne B. Barnhart, Commissioner,
Social Security Administration


O R D E R


     Cheri G. Masseur seeks judicial review, pursuant to 42

U.S.C. §  405(g), of the Commissioner's decision denying her

application for Social Security Disability Benefits.  She

contends that the Administrative Law Judge ("ALJ") failed to

properly evaluate her credibility as to her subjective symptoms,

failed to solicit additional medical evidence, and improperly

relied on the Medical-Vocational Guidelines ("the Grid"), 20

C.F.R. Part 404, Subpart P, Appendix 2.  Masseur asks that the

decision be reversed.  The Commissioner asks that the decision be

affirmed.


Discussion

     The parties' joint statement of facts demonstrates that

Masseur was treated for depression beginning in May of 2000 and

she was treated for respiratory problems, joint and muscle pain,

and fatigue beginning in October of 2000.  In her application for

benefits, Masseur alleged that she had been unable to work since October 1, 2000.  She based her disability on asthma, a connective tissue disorder, depression, Sjogren's syndrome, rheumatoid arthritis, fibromyalgia, and fatigue.

A hearing was held on her application on March 11, 2003, where Masseur was represented by counsel and testified.  A vocational expert also testified.  The ALJ issued his decision on February 16, 2004, concluding that Masseur was able to return to her previous work as a purchasing agent, an appointment secretary, a data entry clerk, and a grocery clerk and that she was also able to do other work that existed in significant numbers in the national economy.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review.

The court must uphold a final decision of the Commissioner denying benefits unless the decision is based on legal or factual error.  Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (citing Sullivan v. Hudson, 490 U.S. 877, 885 (1989)). The Commissioner's factual findings are conclusive if based on substantial evidence in the record.  42 U.S.C. § 405(g); Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  Richardson v. Perales, 402

U.S. 389, 401 (1971) (internal quotation marks omitted).  In

making the disability determination, "[i]t is the responsibility

of the [Commissioner] to determine issues of credibility and to

draw inferences from the record evidence."  Irlanda Ortiz v.

Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir.

1991).

     Masseur makes several meritless challenges to the

Commissioner's decision.  Contrary to Masseur's argument, the ALJ

is not bound by a physician's opinion that an applicant for

social security benefits is disabled.  20 C.F.R. §

404.1527(e)(1).  The recent evidence Masseur cites about

developments in her condition after the ALJ issued his decision

is not material because that decision may be reviewed only on the

evidence that was available to the ALJ.  Mills v. Apfel, 244 F.3d

1, 4 (1st Cir. 2001).  Because Masseur was represented by counsel

at the hearing and thereafter, and her medical records were

submitted for review, absent some apparent deficit or

contradiction in the record, the ALJ was under no duty to further

develop the record.  See, e.g., Heggarty v. Sullivan, 947 F.2d

990, 996-97 (1st Cir. 1991).  The ALJ properly relied on the

testimony of the vocational expert in making his decision, using

the Grid only as a framework.  See Seavey, 276 F.3d at 5.

In the context of the ALJ's evaluation of her credibility as to her subjective symptoms, Masseur argues obliquely that the ALJ failed to consider the entire medical record, as is required under the statutory and regulatory framework for deciding social security claims.[1]  Although the residual functional capacity opinion of a non-examining consultant physician may provide substantial evidence to support an ALJ's residual functional capacity assessment, Berios Lopez v. Sec'y of Health & Human Servs., 951 F.2d 427, 431 (1st Cir. 1991), the opinions of treating medical sources, even on matters reserved to the Commissioner, are not to be ignored, SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996).  An ALJ is required to consider and evaluate all medical opinions under particular criteria and the opinions of treating sources are generally accorded greater weight than others.  20 C.F.R. § 404.1527(d)(2); 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

In this case, the ALJ noted the opinions of Masseur's primary care physician, Dr. Johnson, as part of his review of the medical records.[2]  Dr. Johnson's opinions, that Masseur was

---

[1]It might be argued that Masseur did not clearly raise this issue.  Nevertheless, because the Commissioner's decision is plainly deficient in this regard, the court addresses it.

[2]Strangely, Masseur, who is represented by counsel, states in another part of her memorandum that none of her treating

limited to lifting and carrying less than ten pounds, to walking
and standing for less than two hours, and to restrictions in her
postural and manipulative capabilities, supported Masseur's
claims of more severe impairment than the opinions of the non-
examining state agency consultant.  The ALJ, however, relied
exclusively on the state agency consultant's opinions without any
evaluation of Dr. Johnson's opinions or explanation as to why he
chose rely on the consultant's opinions.  Therefore, the ALJ
failed to follow the required analysis in making his residual
functional capacity assessment.

In the absence of an appropriate evaluation of the opinion
evidence, the ALJ's reliance on the non-examining state agency
consultant's opinion was error, and that opinion does not provide
substantial evidence to support the decision.  The Commissioner's
decision is reversed.


## Conclusion

For the foregoing reasons, the plaintiff's motion to reverse
(document no. 19) is granted.  The Commissioner's motion to
affirm (document no. 20) is denied.  The decision of the
Commissioner is reversed and the case is remanded under Sentence

---

physicians made a formal assessment of her functional capacity.
That statement is incorrect.  See Admin. Rec. at 329-32.

Four for further administrative proceedings that are consistent
with this order.

The clerk of court shall enter judgment accordingly and
close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

June 30, 2005

cc:  David L. Broderick, Esquire
     Mary Notaris, Esquire

6